UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WEI CHEN et al., | CASE NO. 3:24-cv-05978-DGE |
| Plaintiffs, | ORDER DENYING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 34) |
| v. | |
| ACCESS THE USA LLC et al., | |
| Defendants. | |

This case presents a painful procedural history. Twice already the Court has denied Plaintiffs' motions for default judgment (Dkt. Nos. 22, 27.) The Court once more DENIES Plaintiffs' motion (Dkt. No. 34) for default judgment.

The Court denied Plaintiffs' first motion for default judgment on April 23, 2025. (Dkt. No. 22.) At that time, the Court identified Plaintiffs failed to provide evidence they complied with Washington Revised Code § 23.95.450 prior to attempting service on Defendants via the Washington Secretary of State's Office. (*Id*. at 2.) The Court also questioned the sufficiency of Plaintiffs' then operative complaint because the complaint did not identify specific facts as to

ORDER DENYING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 34) - 1

1  what parts of the purported Partnership Agreement were breached or how they were breached.
2  (*Id*. at 3.)  The Court directed the Plaintiffs to address these deficiencies.  (*Id*.)
3      The Court denied Plaintiffs' second motion for default judgment on May 23, 2025.  (Dkt.
4  No. 27.)  Once more, the Court identified Plaintiffs failed to provide sufficient evidence of
5  proper service on Defendants.  (*Id*. at 1–3.)  The Court also informed Plaintiffs the operative
6  complaint was insufficient because it failed to identify specific facts supporting each claim
7  asserted and provided examples of conclusory statements contained in the complaint.  (*Id*. at 3.)
8  The Court also noted there were discrepancies between the Partnership Agreement provided and
9  the description of the Partnership Agreement contained in the complaint.  (*Id*. at 4.)  The Court
10 further noted the sections of the Partnership Agreement referenced were different than the
11 sections contained in the Partnership Agreement provided.  (*Id*. at n.3.)
12     Plaintiffs filed an amended complaint on June 5, 2025.  (Dkt. No. 28.)  The Clerk
13 reissued summons on July 1, 2025.  (Dkt. No. 32.)  Plaintiffs filed a new motion for default
14 judgment on July 30, 2025.  (Dkt. No. 34.)
15     Defendant Orion Oil and Gas II LP ("Orion") is a Delaware limited partnership.  (Dkt.
16 No. 28-3.)  Orion is also registered in the State of Washington as a foreign limited partnership.
17 (Dkt. No. 28-1.)  Orion's Delaware registration provides The Corporation Trust Company is its
18 registered agent.  (Dkt. No. 28-3.)  The Corporation Trust Company's address is Corporation
19 Trust Center, 1209 Orange Street in Wilmington, Delaware.  (*Id*.)  Orion's Washington
20 registration provides Access the USA LLC ("Access") is its registered agent.  (Dkt. No. 28-1.)
21 Plaintiffs served summons and the operative complaint on Orion's registered agent at 1209
22 Orange Street in Wilmington, Delaware.  (Dkt. No. 35-2.)
23
24

ORDER DENYING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 34) - 2

However, service on Access was not achieved. Access' principal office address is identified as 673 Woodland Square Loop SE, Ste. 320, Lacey, Washington 98503. (Dkt. No. 28-1.) Access' registered agent, Michael Mattox, purportedly used this same address. (*Id*.) Plaintiffs attempted to serve the reissued summons and the operative complaint on Access' registered agent at 673 Woodland Square Loop SE, Ste. 320, Lacey, Washington, however the location was vacant. (Dkt. Nos. 35-4 at 1–2.) There is no proof that Access was served, and Plaintiffs provide no legal authority or argument as to how or why judgment can be entered against a party who has not been served.[1] (Dkt. No. 35 at 2) ("Personal service [on Access] was attempted at that address, but it was vacant.").

Plaintiffs' operative complaint asserts two causes of action: breach of fiduciary duty and breach of contract. (Dkt. No. 28 at 4–7.) The breach of fiduciary duty claim is against Access only (*id*. at 4–5), a party for which no proof of service has been provided. Accordingly, default judgment on the breach of fiduciary claim is DENIED.

As for the breach of contract claim, the Partnership Agreement is only between Plaintiffs and Access. (Dkt. No. 28-4 at 6.) It is not between Plaintiffs and Orion. Plaintiffs offer no argument or authority as to how a breach of contract claim can be asserted against Orion (the partnership created between Access and Plaintiffs) independent of a claim against Access. Again, because Plaintiffs have failed to show service on Access was accomplished, default judgment on Plaintiffs' breach of contact claim is DENIED.[2]

---

[1] Plaintiffs offer no argument or authority as to how the prior attempts at service via the Secretary of State's office in January 2025 were cured by the July 2025 attempted service.

[2] The Court notes that the operative complaint also requests declaratory and injunctive relief as it requests Access be removed as a general partner and that it be ordered to provide an accounting of all funds Plaintiffs invested. (Dkt. No. 28 at 7.) But absent from the amended complaint is any formal cause of action for declaratory or injunctive relief.

1  Accordingly, Plaintiffs' third motion for default judgment (Dkt. No. 34) is DENIED.

3  Dated this 14th day of October, 2025.

David G. Estudillo
United States District Judge