UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WEI CHEN et al.,

Plaintiffs,

v.

ACCESS THE USA LLC et al.,

Defendants.

CASE NO. 3:24-cv-05978-DGE

ORDER GRANTING MOTION TO SERVE DEFENDANT ACCESS THE USA LLC BY PUBLICATION (DKT. NO 39)

Before the Court is Plaintiffs' motion to allow service by publication. (Dkt. No. 39.) For the reasons articulated herein, this motion is GRANTED.

## I BACKGROUND

Plaintiffs first filed a complaint in this matter on November 26, 2024. (Dkt. No. 1.) Over one- and one-half years later, Plaintiffs have yet to establish they have properly served Defendant Access the USA LLC.

On March 3, 2025, Plaintiffs filed affidavits of service indicating they served Defendants Access the USA LLC and Orion Oil and Gas II LP through the Secretary of State. (Dkt. No. 6,

7.) The Court denied motions for default judgment filed by Plaintiff on March 28, 2025 (Dkt. No. 12) and May 12, 2025 (Dkt. No. 25) because Plaintiffs failed to demonstrate service on the Secretary of State was proper. (Dkt. Nos. 22, 27.)

On July 30, 2025, Plaintiffs again moved for default judgment. (Dkt. No. 34.) Plaintiffs indicated they served Defendant Orion Oil and Gas LP at 1209 Orange Street, Wilmington, DE 19801. (Dkt. No. 35-2 at 3.) Plaintiffs indicated they could not serve Defendant Access the USA LLC because the entity had been administratively dissolved and the address identified in the entity's Limited Partnership Agreement was vacant. (Dkt. No. 35 at 2.) On October 14, 2025, the Court denied Plaintiffs' motion for default judgment because "Plaintiffs provide[d] no legal authority or argument as to how or why judgment can be entered against a party who has not been served." (Dkt. No. 36 at 3.)

On June 11, 2026, Plaintiffs moved for leave to serve Access the USA LLC by publication. (Dkt. No. 39.) Plaintiffs assert Michael Mattox is the only member of Access the USA LLC (*id*. at 1) and "all facts indicate that" Mattox "has fled the country to avoid legal process related to" this and other litigation (*id*. at 4).

## II LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) permits service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Washington state law allows service by publication "when personal service is not possible." *Rodriguez v. James-Jackson,* 111 P.3d 271, 274 (Wash. Ct. App. 2005); *see also Jones v. Stebbins*, 860 P.2d 1009, 1011 (1993). A plaintiff must show "(1) that the defendant could not be found in Washington after a diligent search, (2) that the defendant was a resident of Washington, and (3) that the defendant had either left the state or

concealed himself within it, with intent to defraud creditors or avoid service of process." *Pascua v. Heil*, 108 P.3d 1253, 1257 (Wash. Ct. App. 2005). The plaintiff must also submit an affidavit stating "that he or she believes that the defendant is not a resident of the state, or cannot be found therein, and that he or she has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant at his or her place of residence, unless it is stated in the affidavit that such residence is not known to the affiant[.]" Wash. Rev. Code § 4.28.100.

Importantly, "the authorizing judge must closely scrutinize the facts provided, rather than merely serving as a rubber-stamp" in authorizing alternate means of service. *Pascua*, 108 P.3d at 1258. Proper service is critical because the Court may not exercise personal jurisdiction over the defendant unless he is properly served. *Vrinceneau v. King County*, Case No. 2:23-cv-00423-BAT, 2023 WL 3902913, at *1 (W.D. Wash. May 25, 2023).

## III ANALYSIS

*Pascua* identifies the three required factors for Rule 4(e) service by publication as: "(1) that the defendant could not be found in Washington after a diligent search, (2) that the defendant was a resident of Washington, and (3) that the defendant had either left the state or concealed himself within it, with intent to defraud creditors or avoid service of process." 108 P.3d at 1257. First, Plaintiffs identify that they (1) attempted personal service at the location identified in Access the USA LLC's registration with the Washington Secretary of State but found the location vacant, (2) found an address for Access the USA LLC's registered agent's ex-wife but were unable to contact either her or the registered agent, (3) attempted service at Access the USA LLC's registered agent's last known address but found a new resident living there, and

(4) talked unsuccessfully with other counsel who are also attempting to serve Access. (Dkt. No. 39 at 2–3.)

Second, Plaintiffs identify Access the USA LLC was a Washington resident based on its registration with the Washington Secretary of State. (Dkt. No. 40-1 at 1.)

Third, Plaintiffs identify "that the defendant had either left the state or concealed himself within it, with intent to defraud creditors or avoid service of process because Mattox has dissolved his businesses (Dkt. No. 40-1 at 1–3), sold his last known Washington property (Dkt. No. 39 at 2), and been unreachable to counsel in this and other matters (*id*. at 3).

Finally, the Court finds Plaintiffs were not required to "deposit[] a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant at his or her place of residence" because Plaintiffs identify in an affidavit that Defendant is believed to have "fled the country" and Plaintiffs "do not believe personal service is possible." (Dkt. No. 40 at 1–2.) Taking into consideration the history of this matter and Plaintiffs' efforts to serve Access the USA LLC, the Court finds the affidavit sufficient to satisfy Washington Revised Code § 4.28.100.

## IV CONCLUSION

For the reasons articulated herein, Plaintiffs' motion to serve Defendant Access the USA LLC by publication under Federal Rule of Civil Procedure 4(e)(1) (Dkt. No. 39) is GRANTED.

Dated this 2nd day of September, 2026.

David G. Estudillo
United States District Judge